[Civ. No. 4785.   First Appellate District, Division Two.—June 17, 1924.]

CITY OF OAKLAND (a Municipal Corporation), Respondent, v. THOMAS S. WILLIAMS et al., Defendants; ISABELLA THOMPSON, Appellant.

[1] STREET LAW—STREET OPENING ACT—CONDEMNATION PROCEEDING—INTERLOCUTORY JUDGMENT—DAMAGES—APPEAL.—In a proceeding under the Street Opening Act of 1903 (Stats. 1903, p. 376) to condemn property for the purpose of extending a public street, the compensation to which a party is entitled as damages is an issue which is finally determined in the interlocutory decree, and, if no appeal is taken from the interlocutory decree within the time prescribed in that act, it then becomes final and is not subject to review on an appeal from the final judgment.

---

(1) 20 C. J., p. 1061, sec. 443, p. 1112, sec. 485.

APPEAL from a judgment of the Superior Court of Alameda County.   J. J. Trabucco, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

H. S. Henion for Appellant.

---

1.   See 19 Cal. Jur. 218.

Leon E. Gray, City Attorney, and Bestor Robinson, Deputy City Attorney, for Respondent.

NOURSE, J.—On May 29, 1922, the City of Oakland commenced an action under the Street Opening Act of 1903 (Stats. 1903, p. 376) to condemn certain property for the purpose of extending a public street. Isabella Thompson was joined as a party defendant because of her interest as a lessee of a part of the premises sought to be condemned. At the trial it developed that she had entered into the lease in expectation of the condemnation proceedings and had, contemporaneously with the execution of the lease, signed a waiver of any claim she might have against her lessor in the event the city should effect a cancellation of the lease by reason of the condemnation of the property. Upon this showing the trial court held that she had no interest in the property entitling her to any compensation from the city. An interlocutory judgment was then entered fixing the compensation to be paid the other defendants and awarding to the city the property in suit in accordance with the provisions of section 12 of the act of 1903, as amended. (Stats. 1909, p. 1040, sec. 7.)

[1] This judgment was entered on January 20, 1923. Six months later a final judgment was entered in accordance with the provisions of section 31 of the act of 1903, reciting that payment of the amounts awarded to the respective parties by the interlocutory judgment had been made and confirming the award of the property to the city. No appeal was taken from the interlocutory judgment by the defendant Thompson, but on September 7, 1923, more than seven months after its entry, she gave notice of appeal from the final judgment. This is the appeal which is now before us. It is presented on the judgment-roll and a bill of exceptions.

The statute under which the cause originated provides that an appeal may be taken from the interlocutory judgment within thirty days from the entry thereof. (Sec. 13.) It does not expressly provide for an appeal from the final judgment, but section 6 thereof, as amended (Stats. 1909, p. 1037, sec. 2) provides that an action brought under the act shall be subject to and governed by the Code of Civil Procedure except where otherwise specified. The general code provision for appeals is found in section 956 of the Code of

Civil Procedure. This section reads in part: "The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken."

By reason of these provisions of the statutory law, respondent contends that the rule must follow that the matters determined in the interlocutory decree cannot be reviewed on an appeal from the final judgment and cites cases involving appeals from final judgments in divorce and in the partition of real property. The only difference between the cases cited and the case here is that the right of appeal from the interlocutory decrees of divorce and partition is conferred by section 963 of the Code of Civil Procedure, whereas, in this case, it is found in a special act relating to street improvements. Appellant does not contend that the provisions of section 13 of the Street Opening Act are unconstitutional for any reason, but merely argues that section 956 of the Code of Civil Procedure must be read in connection with the other sections of the code only and that, so reading it, we must conclude that it does not include a decision or order from which an appeal may be taken under the provisions of an independent statute. But the code section is general in its terms and plainly covers "any decision or order from which an appeal might have been taken." There is nothing in the context of this section of the code, or in those following it, which would warrant the conclusion that it was meant to apply only to such a "decision or order" as is specified in section 963.

The compensation to which a party is entitled as damages under the Street Opening Act is an issue which is finally determined in the interlocutory decree. The final decree determines that the compensation has been paid as awarded. If no appeal is taken from the interlocutory decree within the time prescribed in the act, it then becomes final and is not subject to review on an appeal from the final judgment. No errors are assigned to the final judgment from which the appeal before us was taken and it must therefore be affirmed.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.